United States District Court
Southern District of Texas
**ENTERED**
January 13, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **TEXAS LIFE INSURANCE CO.,**<br><br>Stakeholder,<br><br>v.<br><br>**TASHA L. FORD and RUTHIE M. BROOKS,**<br><br>Claimants. | **CIVIL ACTION NO. 4:16-cv-494**<br><br>Honorable Keith P. Ellison |

### MEMORANDUM AND ORDER ON MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

Before the Court are (i) Texas Life Insurance Company's Objections to Magistrate's Report and Recommendation and (ii) Texas Life Insurance Company's Motion to Dismiss.

### I. BACKGROUND

On May 15, 1998, Stakeholder Texas Life Insurance Company ("TLIC") issued a life insurance policy to Charles Edward Robinson, the father of Claimant Tasha Ford. At the time of issuance, the policy named Claimant Ruthie Brooks as the sole and primary beneficiary.

On March 9, 2015, Robinson executed a power of attorney designating Ford as his attorney-in-fact. On Robinson's behalf, Ford then sent TLIC a change of beneficiary form to designate herself as the sole beneficiary of Robinson's life insurance policy. Ford apparently omitted some necessary information from the form, however, and TLIC rejected the requested change. Ford submitted a second form two weeks later, but TLIC again rejected the requested change because Robinson's power of attorney prohibited his attorney-in-fact (Ford) from naming herself as a beneficiary of his life insurance policy.

1

On June 25, 2015, Ford submitted a third change of beneficiary form. This time, however, TLIC processed the request and sent Ford a letter dated July 14, 2015 confirming that the change had been made. Accompanying the letter was an endorsement signed by TLIC's vice president, Michael Khoury. Ford alleges that she relied on the representations contained in those letters—specifically, that she was the properly designated beneficiary of the life insurance policy—and consequently believed that no further action was required.

Robinson passed away on November 15, 2015. Two days after Robinson's demise, TLIC sent Ford a letter withdrawing its acceptance of her June 25th change-of-beneficiary request. Ford nonetheless made a claim on the proceeds of the policy, as did Brooks.

Faced with these competing claims on the proceeds of the life insurance policy, TLIC filed a Complaint for Interpleader against Claimants Ruthie Brooks and Tasha Ford and deposited the disputed proceeds of the insurance policy into the Registry of the Court. (Dkts. 1, 2, and 7.) TLIC then filed a Motion for Interpleader and Dismissal requesting that the Court (i) dismiss TLIC as a party and discharge it from all further liability and (ii) make a judgment as to who is entitled to receive the policy proceeds and release the funds accordingly. (Dkt. 18.)

On April 20, 2016, Ford's attorney filed a Motion for Leave to File a Second Amended Answer and Counterclaims against TLIC—Ford had filed two *pro se* answers prior to retaining the assistance of counsel—and attached a proposed Second Amended Answer and Counterclaims ("Proposed Amended Answer"). The Proposed Amended Answer alleges several counterclaims against TLIC: breach of contract, multiple breaches of the Texas Insurance Code, and fraud. TLIC opposed Ford's motion for leave and filed a brief in response.

This Court referred both motions to Magistrate Judge Dena Palermo for a report and recommendation. (Dkt. 28.) On October 21, 2016, Judge Palermo entered an "Order" granting

Ford's motion for leave, and concurrently set deadlines for Ford to file amended pleadings and for TLIC to respond.[1] (Dkt. 32 at 1.) Judge Palermo additionally entered a "recommendation" that this Court grant TLIC's motion for interpleader and deny its motion for dismissal. (Dkt. 32 at 1.) TLIC timely filed an objection to both the order and recommendation, and Ford filed a response. In accordance with Judge Palermo's scheduling order, Ford also filed her Third Amended Answer and Counterclaims Against Texas Life Insurance Company,[2] and TLIC moved to dismiss Ford's counterclaims.

## II.    LEGAL STANDARDS

A district court that refers a case to a magistrate judge must review de novo any portions of the magistrate judge's proposed findings and recommendations to which the parties have filed specific, written objection. *Wilkins v. Nueces Cty. Texas*, 2014 WL 2779530, at *1 (S.D. Tex. June 19, 2014) (citing Fed. R. Civ. P. 72(b)). The district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *Id*.

## III.   ANALYSIS

### A.    Objections to Judge Palermo's Recommendations

TLIC raised two specific objections to Judge Palermo's decision. First, TLIC argues that Judge Palermo lacked the authority to enter an order on Ford's motion for leave to amend. Judge Palermo's amended filing, however, renders this objection moot—it provides only a recommendation as to Ford's motion for leave rather than an order granting it.[3] (*See* Dkt. 38.)

---

[1] Judge Palermo recently amended this filing to take the form of a recommendation rather than an order.

[2] Ford never filed a "second" amended complaint—her numbering has gone from "first" to "third." The reason for this is unclear.

[3] Although motions for leave are non-dispositive motions on which magistrate judges generally have the authority to rule, this Court referred the matter for report and recommendation

3

Second, TLIC objects to Judge Palermo's recommendation that Ford's motion for leave be granted. According to TLIC, the counterclaims in Ford's Proposed Amended Answer are barred under the doctrine of interpleader, and the motion for leave should be denied on the grounds of futility. The Court disagrees. As Judge Palermo correctly concluded, some—but not all—of the counterclaims alleged in the Proposed Amended Answer are permissible in an interpleader action (the "Permissible Counterclaims"),[4] and TLIC's objection is therefore overruled.

"A traditional interpleader suit is an equitable action involving a disinterested plaintiff-stakeholder who either is, or may be, exposed to multiple liability or multiple litigation over an identifiable fund to which there are two or more mutually inconsistent claims." *Westlake Styrene, LLC v. United States*, 2011 WL 643265, at *2 (S.D. Tex. Feb. 16, 2011) (citing *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 631 (5th Cir. 2002)). "Once the stakeholder joins the claimants, a claimant may file a counterclaim against the stakeholder as an opposing party." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 881 (5th Cir. 1998). But not all counterclaims against stakeholders are appropriate. "Claims against a stakeholder that are not independent of the interpleaded fund, such as a claim that the stakeholder should have paid the fund to a particular claimant rather than seek interpleader, are routinely dismissed because they would deprive the stakeholder of the intended benefit of an interpleader action." *Westlake Styrene*,

---

for the sake of administrative convenience. TLIC's motion for dismissal and Ford's motion for leave to amend, which TLIC opposed on the grounds of futility, are both tied to the viability of Ford's counterclaims. Because the issues are so closely related, the Court wished to address them together before any final determinations were entered.

[4] The Proposed Amended Answer contains numerous counterclaims. Judge Palermo concluded that TLIC failed to show that the counterclaims "surrounding [TLIC's] July 14, 2015 letter approving the beneficiary designation change" are futile, and that leave to amend should be granted with respect to those counterclaims. She also concluded, however, that "the other proposed claims are [futile] and should not be asserted." (Dkt. 38 at 6.) Ford has raised no objection to Judge Palermo's recommendation.

2011 WL 643265, at *2 (citing *Met. Life Ins. Co. v. Barretto*, 178 F.Supp.2d 745, 747–48 (S.D. Tex. 2001)). Counterclaims that assert liability on the part of the stakeholder independent of the counterclaimant's rights to the disputed fund, however, may be asserted. *Westlake Styrene*, 2011 WL 643265 at *2 (citing *Deshotel*, 142 F.3d at 882).

TLIC argues that Ford's counterclaims are futile because the claims are "based on the contention that she is entitled to the policy proceeds," and therefore are not independent of the interpleaded fund. (Dkt. 34 at 2.) But TLIC misconstrues the nature of the Permissible Counterclaims. Ford's argument is not that she is entitled to the disputed policy proceeds; instead, she argues that the misrepresentations in TLIC's July 14th letter created the dispute itself. Indeed, all of the conduct relevant to liability for the Permissible Counterclaims occurred prior to July 14th—months before Ford's and Brooks's competing claims even arose.

Interpleader affords stakeholders no protection from this type of counterclaim. *Lee v. W. Coast Life Ins. Co.* 688 F.3d 1004, 1014 (9th Cir. 2012) ("the federal interpleader remedy does not shield a negligent stakeholder from tort liability for its creation of a conflict over entitlement to the interpleaded funds").[5] To hold otherwise would expand the doctrine well past its foundational principle. "The purpose of interpleader is to enable the plaintiff-stakeholder to avoid . . . 'multiple liability when only a single obligation is owing.'" *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 631 (5th Cir. 2002) (quoting *Texas v. Florida*, 306 U.S. 398, 412 (1939)) (emphasis added). But here, the alleged facts could give rise to *multiple* obligations. Indeed, the central thesis of the Permissible Counterclaims is that, even if the life insurance policy proceeds are properly payable to Brooks, TLIC is additionally obligated to compensate Ford for the damages she suffered by, for example, relying on the company's fraudulent

---

[5] Judge Palermo discussed this factually similar case at length, yet TLIC failed to address the case in its objections to her ruling.

5

misrepresentation. *Cf. White v. FDIC*, 19 F.3d 249, 251 (5th Cir. 1994) (interpleader is a "procedural device which entitles a person holding money or property . . . to join in a single suit two or more persons asserting *mutually exclusive claims to the fund*") (emphasis added); *Westlake Styrene, LLC v. United States*, 2011 WL 643265, at *2 (S.D. Tex. Feb. 16, 2011) ("A traditional interpleader suit is an equitable action involving a disinterested plaintiff-stakeholder who either is, or may be, exposed to multiple liability or multiple litigation over an identifiable fund to which there are two or more *mutually inconsistent claims*.") (emphasis added).

Each of the cases to which TLIC cites is distinguishable on these grounds. For example, in *Underwriters Grp., Inc. v. Clear Creek Indep. Sch. Dist.*, the counterclaim "rest[ed] on the contention that . . . interpleader was unnecessary [and the stakeholder acted in bad faith] because it was evident that [the counterclaimant] was entitled to the funds." 2006 WL 1852254, at *5 (S.D. Tex. June 30, 2006); *see also Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 264–65 (3d Cir. 2009) (rejecting counterclaims because "each of Hovis's counterclaims concern[ed] Prudential's failure to resolve its investigation in his favor and pay out the life insurance proceeds to him."). But here, Ford's counterclaim is not dependent on her right to the disputed funds—she can prevail on her claim even if Brooks is the proper recipient of the proceeds. If anything, such a finding would enhance the compensatory damages to which Ford would be entitled. The Court therefore agrees with Judge Palermo's conclusion that the proposed counterclaims premised on TLIC's alleged misrepresentations in the July 14, 2015 letter are independent of the interpleader.[6] TLIC's objection is overruled.

---

[6] For the avoidance of doubt, the Court is holding that the following counterclaims are independent of the interpleader: (a) Ford's claim that TLIC violated Texas Insurance Code §§ 541.051(1)(A), 541.061(1), 541.061(3), and 541.060(a)(1) by falsely representing in the July 14th letter that Ford was the sole beneficiary of the life insurance policy; and (b) Ford's claim for

### B. TLIC's Motion to Dismiss Ford's Counterclaims

Following Judge Palermo's order granting Ford's motion for leave to amend, Ford filed her "Third" Amended Answer and Counterclaims Against TLIC. TLIC then moved to dismiss the counterclaims. Because Judge Palermo withdrew her order granting leave to amend, Ford's amended pleading is of no effect, and TLIC's motion to dismiss is moot.

## IV. CONCLUSION AND ORDERS

Having reviewed the conclusions of law and recommendations set forth in the Magistrate Judge's Amended Report and Recommendation, as well as Defendant's objections, Plaintiff's response, and all other relevant documents in the record, and having conducted a de novo review of the portions of the Report and Recommendation to which objections were specifically directed, the Court **ADOPTS** as its own the conclusions of the Magistrate Judge.

Accordingly, it is hereby **ORDERED** as follows:

- TLIC's Motion for Interpleader is **GRANTED** and its Motion for Dismissal is **DENIED**;

- Ford's Motion for Leave to Amend is **GRANTED** subject to the holdings in this this memorandum;

Ford must file her amended answer within 7 days of the issuance of this order. It is further **ORDERED** that TLIC's Motion to Dismiss is **DENIED** as moot.

**IT IS SO ORDERED**.

Signed this 13th day of January 2017.

_____
Hon. Keith P. Ellison
United States District Judge

---

fraud. (*See* Proposed Amended Answer at ¶¶ 44-47 (alleging violations of the Texas Insurance Code) and ¶¶ 56-63 (alleging fraud).)

7